IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **TAMMY STELL #1834675** | § | |
| | § | |
| **V.** | § | **A-17-CA-045-SS** |
| | § | |
| **MR. FOX and BOARD OF PARDONS** | § | |
| **AND PAROLES** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time she filed her complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Hobby Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges Parole Commissioner Troy Fox "lied one year on [her] to keep [her] confined." She

sues Troy Fox and the Board of Pardons and Paroles. Plaintiff requests to be "justified through polygraph test, set free, also pull a claim for $300,000.00 and fired and put in jail."

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. Plaintiff clarifies, sometime in June 2010, she was interviewed for parole by Defendant Fox. Defendant Fox allegedly accused Plaintiff of being disruptive in the parole interview. Plaintiff was subsequently denied parole. Plaintiff indicates she has written to the Board of Pardons and Paroles and notified the Board that Defendant Fox lied.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

2

B.  Eleventh Amendment Immunity

Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state agency unless that state has waived its sovereign immunity or Congress has clearly abrogated it. Moore v. La. Bd. of Elementary and Secondary Educ., 743 F.3d 959, 963 (5th Cir. 2014). The Texas Board of Pardons and Paroles is immune under the Eleventh Amendment from Plaintiff's suit. See Talib v. Gulley, 138 F.3d 211, 213 (5th Cir. 1998); Littles v. Bd. of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

Being sued in his official capacity for monetary damages, Defendant Fox is also immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

C.  Absolute Immunity

Defendant Fox is also protected from Plaintiff's claims brought against him in his individual capacity for monetary damages by the doctrine of absolute immunity. See Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. Id.

To the extent Plaintiff wants Defendant Fox jailed her claim is frivolous. Plaintiff does not have a constitutional right to have someone criminally prosecuted. Oliver v. Collins, 914 F.2d 56 (5th Cir. 1990).

D.   Due Process

To the extent Plaintiff may be attempting to raise a due process claim, her claim fails. As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995 (1997) (citations omitted). Because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds. Id. (citations omitted). In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, she has no claim for violation of due process in the procedures attendant to her parole decisions. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995).

E.   Habeas Claims

To the extent Plaintiff seeks her immediate release, she must seek such relief in an application for habeas corpus relief after she has exhausted her state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of her confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).

Plaintiff indicates she has not filed a state application for habeas corpus relief. Rather, she wrote letters to the Texas Governor and the President of the United States. As Plaintiff has not presented her habeas claims to the Court of Criminal Appeals in a procedurally correct manner, she has not exhausted her state court remedies.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims brought against the Board of Pardons and Paroles and Defendant Fox in his official capacity for monetary damages be dismissed without prejudice for want of jurisdiction. It is further recommended that Plaintiff's claims brought against Defendant Fox in his individual capacity be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). It is finally recommended that Plaintiff's claims seeking her immediate release be dismissed without prejudice to filing an application for habeas corpus relief after she has exhausted her state court remedies.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate

5

while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while she is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then she will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on February 17, 2017.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE